IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re: :
:
PMC MARKETING CORP., : Case No. 09-02048 (GAC)
a/k/a Farmacias El Amal :
a/k/a COD DRUGS, :
:
       Debtor : Chapter 11
_____:
:
YMAS INVENTORY MANAGEMENT, CORP. : Case No. 09-02049 (GAC)
a/k/a Farmacias El Amal :
a/k/a COD DRUGS, : Chapter 11
_____:

DECISION AND ORDER

At a hearing held on May 1, 2009, the Court granted the debtors' request to treat Cesar Castillo, Inc. ("Castillo") as a critical vendor and authorized the debtors to make payment on Castillo's prepetition debt and to obtain post-petition supplies pursuant to credit terms negotiated between the debtors and Castillo. The Court limited this to a thirty day period and limited the amount to $1.5M of credit to be used during this period. The Court required the debtors to meet with the two other main suppliers and determine whether they were able to reach supply agreements. The Court indicated that it would consider an extension of the order and additional financing along the same terms, if after the thirty days the debtor and the two other vendors were unable to reach agreement regarding post-petition financing and sale of inventory and the Debtor was still in need of

1

the inventory and the financing terms negotiated with Castillo.

This Court indicated that, as a condition to approval of any critical vendor motion, it would require the parties to treat the unpaid prepetition debt to Castillo as unsecured non-priority debt in the case of default, conversion or dismissal. The Court also indicated that the order that had been proposed and the motion itself did not clarify whether the post-petition financing and line of credit would be given administrative expense status and the debtors were directed to clarify the status.

On May 13, 2009, the debtors filed a motion in compliance with the Court's order of May 1, 2009 and requested an extension of the bench order. The debtors indicated that neither of the other two vendors expressed their willingness to supply to the debtors pursuant to the same terms as Castillo. And the debtors clarified that Castillo has conditioned its credit facilities to the elevation of Castillo's prepetition claim to administrative status, in line with the amount of post-petition credit provided by Castillo. The debtors requested that the amount of the credit facility be increased to the original $7M requested or at least to $5.8M.

The Unsecured Creditor's Committee and J.M. Blanco filed objections. Both object to the granting of administrative expense rank to the prepetition debt as a condition for post petition financing. The debtors filed a response.

The Court concludes that the debtors are in need of financing and that Castillo is a critical vendor and offering to supply to the debtors on favorable terms.  The Court will allow the credit facility to be increased to $5.8M, especially considering that neither of the debtors other suppliers are willing and able to provide the merchandise pursuant to the same terms.  However, as the Court initially determined, the Court will not grant administrative expense priority for Castillo's prepetition debt. The Court will allow the debtors to pay Castillo's prepetition claim pursuant to the proposed forty month schedule.  And the Court will allow Castillo to have a post petition administrative priority equivalent to the amount of post petition credit extended.  But, this will not change the unsecured nature of the prepetition debt. Accordingly, the debtors will be directed to file an amended proposed order which complies with this determination.  If the debtor is unable to obtain supplies from Castillo, with the incentives of the payment of its prepetition claim and the granting of administrative priority to Castillo's post petition financing, the debtors requests to extend the post-petition financing and line of credit will be denied.

3

ORDER

WHEREFORE IT IS ORDERED that the debtors are granted five (5) days to file an amended proposed order that complies with the Court's directives in this decision or the request for extension of the bench order will be denied.

SO ORDERED.

San Juan, Puerto Rico, this 16th day of June, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge